UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SWEET ONES, INC., a Michigan
corporation,

       Plaintiff,

v.

MERCANTILE BANK OF MICHIGAN,
a Michigan banking corporation,

       Defendant.
_____/

CASE NO. 1:09-CV-1092

HON. ROBERT J. JONKER

## OPINION AND ORDER

This matter is before the Court on Defendant Mercantile Bank of Michigan's ("Mercantile") Motion to Dismiss for Failure to State a Claim (docket # 16). The parties have not requested oral argument on the motion, but the Court did hear oral argument on Plaintiff's Motion for Preliminary Injunction (docket # 3) and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket # 7). That oral argument anticipated the issues raised by the current motion. Moreover, the Court has thoroughly reviewed the parties' motion papers and all other matters of record, and has carefully considered the applicable law. The matter is ready for decision.

**Factual Background**

Plaintiff Sweet Ones, Inc.'s ("Sweet Ones") only business is the purchase and resale of perishable produce, and all of its cash and accounts receivables come from the sale of perishable produce. (Compl., docket # 1, ¶ 6.) On April 10, 2009, Sweet Ones entered into a business loan agreement with Mercantile, pledging its cash and accounts receivables as security for the loan. (*Id.*

at ¶ 10.) The loan matured on July 10, 2009, and Mercantile did not renew the loan. (*Id.* at ¶¶ 10, 11.) Sweet Ones made four principal payments on the loan between September 2, 2009 and October 28, 2009, for a total amount of $50,000. (*Id.* at ¶ 14.) On October 29, 2009, Sweet Ones notified Mercantile that it believed that any collection actions by Mercantile against Sweet Ones would cause Sweet Ones to breach a trust created by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a – 499t, ("PACA"). (*Id.* at ¶ 16.) Nonetheless, on November 4, 2009, Mercantile set off $63,225.07 from Sweet Ones's bank account with Mercantile. (*Id.*) Because of the set-off, Sweet Ones could not pay its produce suppliers. (*Id.*) On November 9, 2009, Mercantile further exercised its rights as a secured creditor by notifying Sweet Ones's customers that payments owing to Sweet Ones should be sent directly to Mercantile instead of to Sweet Ones. (*Id.* at ¶ 17.) Sweet Ones filed this lawsuit, which is premised on the theory that Mercantile caused Sweet Ones to breach obligations under PACA, on December 3, 2009. As of that date, Sweet Ones owed $294,749.20 to produce suppliers whom Sweet Ones describes as "valid PACA trust beneficiaries." (*Id.* at ¶ 20.) Sweet Ones itself is a commission merchant, dealer, or broker subject to PACA. (*Id.* at ¶ 5.) No actual PACA trust beneficiary has joined the lawsuit.[1]

## PACA

In 1930, Congress enacted PACA

> to encourage fair trading practices in the marketing of perishable commodities by suppressing unfair and fraudulent business practices in the marketing of fresh and

---

[1]On March 18, 2010, Sweet Ones filed a proposed first amended complaint (docket # 20) adding putative trust beneficiaries as plaintiffs. Not long after that submission, however, the parties filed a stipulated motion to strike the proposed amended complaint (docket # 24). The Court will accept the stipulation and strike the proposed amended complaint, but in doing so, the Court makes no judicial finding regarding untimeliness under FED. R. CIV. P. 15(a)(1) or otherwise.

> frozen fruits and vegetables . . . and [by] providing for collecting damages from any buyer or seller who fails to live up to his contractual obligations.

H.R. REP. No. 98-543, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 406. Congress amended PACA in 1984 to more effectively protect sellers of perishable agricultural commodities ("produce"). Congress recognized that time constraints inherent in selling produce often required sellers of produce ("sellers") to sell their produce to commission merchants, dealers or brokers (collectively, "buyers") before ascertaining the creditworthiness of buyers. *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995) (citing *JSJ Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 77 (2d Cir. 1990); H.R. REP. No. 98-543, 98th Cong. 1st Sess. 1983, reprinted in 1984 U.S.C.C.A.N., at 406-07)). Under such circumstances, sellers typically became unsecured creditors of buyers, able to recover from defaulting buyers only after lenders holding security interests in defaulting buyers' assets recovered in full. *Id.* Often, after secured lenders had collected on their security interests, no assets with which to pay sellers remained. *Id.* To guard against such situations, Congress added Section 499e(c), which provides that

> [p]erishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c). The statutory trust gives sellers a right to recover against buyers superior to that of all other creditors, including secured creditors. *Endico Potatoes*, 67 F.3d at 1067 (citing 7 U.S.C. § 499e(c)(1); *Tom Lange Co. v. Lombardo Fruit and Produce Co.*, 12 F.3d 806, 809 (8th Cir. 1993); Regulations under the Perishable Agricultural Commodities Act, 49 Fed. Reg. 45735, 45738 (1984));

3

*accord Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010, 1012 (6th Cir. 1993) (quotation omitted).

PACA further provides that any buyer who fails to maintain the PACA trust "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Under the statute, "such liability may be enforced either (1) by complaint to the Secretary [of Agriculture] . . . or (2) by suit in any court of competent jurisdiction." 7 U.S.C. § 499e(b). PACA states that federal district courts "are vested with jurisdiction explicitly to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary [of Agriculture] to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(c)(5). The statute does not expressly provide for enforcement by persons other than trust beneficiaries and the Secretary of Agriculture. It is undisputed that Sweet Ones is neither.

Sweet Ones brings four federal law counts against Mercantile, all based on a theory that Mercantile's otherwise valid collection actions have caused Sweet Ones to breach its obligations to pay sellers from whom it has purchased produce and who are the beneficiaries of the PACA trust. (Compl., docket # 1, ¶¶ 20-47.) The question is whether Sweet Ones states a valid claim for relief under federal law.

## Jurisdiction

That the statute's jurisdictional grant does not mention claims by persons other than trust beneficiaries and the Secretary of Agriculture raises a preliminary question of whether federal district courts actually have subject matter jurisdiction over PACA claims, such as those before the Court, brought by neither a trust beneficiary nor the Secretary of Agriculture. The parties debated this question in earlier motion proceedings, and the Court denied without prejudice Mercantile's motion

to dismiss under FED. R. CIV. P. 12(b)(1). (docket ## 7, 15.) As more fully articulated in those earlier proceedings, this case hinges on the interpretation of PACA and the rights, if any, available to Sweet Ones under PACA. The interpretation of a federal statute plainly presents a federal question. Accordingly, the Court concludes that it has original subject matter jurisdiction under 28 U.S.C. § 1331.

## Mercantile's Motion to Dismiss

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6) the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's allegations as true, and draw all reasonable inferences in favor of the plaintiff. *DirecTv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *Id.* (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). To survive a motion under Rule 12(b)(6), the complaint's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must include facts that would support "a claim to relief that is plausible on its face." *Id.* at 570.

Mercantile premises its Motion to Dismiss for Failure to State a Claim (docket # 16) on the theory that no private right of action for buyers exists under PACA. The parties agree that PACA creates no express cause of action for buyers. The dispute is whether PACA creates an implied private cause of action for buyers. "[I]t is settled that there is an implied cause of action only if the underlying statute can be interpreted to disclose the intent to create one." *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 164 (2008) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001); *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1102 (1991); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)). The focus on Congressional intent

5

stems from the recognition that deciding whether an implied cause of action exists "has significant consequences for the reach of federal power," *Stoneridge*, 552 U.S. at 165 (citation omitted). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress," not the federal courts. *Alexander*, 532 U.S. at 286-87 (citations omitted); *accord Stoneridge*, 552 U.S. at 164-66. In determining whether an implied cause of action exists, courts in the Sixth Circuit look to the four factors first articulated in *Cort v. Ash*, 422 U.S. 66 (1975), which illuminate Congressional intent:

> First, we consider whether the plaintiff is one of the class for whose especial benefit the statute was enacted. Second, we examine legislative history to see if we can discern any intent either to create or to deny a right of action under the statute. Third, we weigh whether implying a right of action would be consistent with the purposes of the legislative scheme. Finally, we determine whether the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law.

*Thomas M. Cooley Law School v. The American Bar Association*, 459 F.3d 705, 711 (2006) (quoting *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

In this case, all the *Cort v. Ash* factors weigh against implying a private right of action for buyers under PACA. Nothing in Section 499(c) or its legislative history suggests that Congress enacted the legislation for the special benefit of produce buyers. On the contrary, the plain language of the statute burdens buyers in favor of the PACA trust beneficiaries themselves, who are the only private parties explicitly authorized to bring suit. 7 U.S.C. 499e(c)(1), (5). Similarly, the statute's legislative history emphasizes Congress's concern for sellers, not buyers. *See, e.g.,* H.R. REP. 98-543, 98th Cong., 1st Sess., *reprinted in* 1984 U.S.C.C.A.N 405, 406 (1983). Indeed, the PACA trust provisions seek to protect produce sellers, "an especially vulnerable class." *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010, 1013 (6th Cir. 1993). The statute's express remedial

scheme provides carefully tailored relief for the statute's intended beneficiaries: namely, the sellers of produce. It does so without opening the door to actions, such as this one, that are fundamentally disputes between debtors and their secured creditors and that are not necessarily likely to advance the interests of PACA beneficiaries at all. If an actual beneficiary feels aggrieved, it can bring its own federal action. Finally, the legal relationships between debtors and creditors such as Sweet Ones and Mercantile normally fall within the purview of state law, not federal.

The parties have identified no case in which a court has implied a private right of action for buyers under PACA's trust provisions, nor has the Court found any such case. Sweet Ones cites one case, *Fishgold v. OnBank & Trust Co.*, 43 F. Supp. 2d 346 (W.D.N.Y. 1999), in which a PACA buyer initiated a suit to enjoin a bank from seizing its accounts receivable based on a theory that such a seizure would violate the PACA trust. As even Sweet Ones acknowledges, the buyer in *Fishgold* was unable to obtain relief by itself, but rather obtained relief only after trust beneficiaries intervened in the action. *Fishgold*, 43 F. Supp. 2d at 348. The absence of case law recognizing an implied private right of action for persons other than trust beneficiaries under PACA's trust provisions reinforces the argument that no such implied private right of action exists.

Sweet Ones points out that courts have found that general trust principles govern the trust PACA creates. *See, e.g., Endico Potatoes*, 67 F.3d at 1067; *Fresh Kist Produce, LLC v. Choi Corp., Inc.,* 223 F. Supp. 2d 1, 7 (D.D.C. 2002). Sweet Ones argues that it should have the right to sue as PACA trustee because general trust principles permit a trustee to enforce the rights of trust beneficiaries. *See, e.g.*, Restatement (Second) of Trusts, § 289 (1959). The Court disagrees. PACA creates a trust in favor of produce sellers, but the statute does not explicitly vest buyers, such as Sweet Ones, with the powers of a trustee. Indeed, a buyer under PACA does not have the kind of

7

undivided loyalty to PACA trust beneficiaries that a traditional trustee has to beneficiaries of a trust. Rather, produce sellers and buyers maintain an arm's length commercial relationship. It would pervert the purposes of PACA to permit a seller to claim the mantle of trustee to use as a weapon in its own private dispute with its own secured creditor. Finally, the statute explicitly makes trust beneficiaries, not buyers, responsible for enforcement of the trust. 7 U.S.C. § 499e(c)(5). The Court believes that Sweet Ones would be a singularly improper party to enforce the rights of sellers it has failed to pay (in full) against a bank that it has failed to pay (in full). If actual PACA trust beneficiaries wish to enforce their rights against Sweet Ones, Mercantile, or both, they can and should bring their own suit.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim (docket # 16) is **GRANTED**, and Plaintiff's Complaint (docket # 1) is **DISMISSED**;

2. The parties' stipulation (docket # 24) to strike the proposed amended complaint is accepted, but the Court makes no judicial finding regarding timeliness under FED. R. CIV. P. 15(a)(1) or otherwise.

This matter is **CLOSED**.


Dated:    April 23, 2010            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE